IN THE UNITED STATES DISTRICT COURT

OF THE DISTRICT OF MARYLAND

| | |
|---|---|
| Charles Marvin Britt, | ) Civil Case No: |
| Plaintiff, | ) <br> ) **Demand for Trial by Jury** <br> ) RDB-19-3446 |
| vs. | ) |
| Seledee Law Group, LLC & Michael D. Johnson, | ) |
| Defendants | ) |

## COMPLAINT

1. Plaintiff, Charles Marvin Britt, individually, hereby sues Defendants, Seledee Law Group, LLC & Michael D. Johnson for violations of the Fair Debt Collection Practices Act ("FDCPA'), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C. 1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Hagerstown, Maryland.

4. Plaintiff is a consumer within the meaning of the FDCPA.

5. Seledee Law Group, LLC, located at One North Charles Street, Suite 2300 Baltimore, Maryland 21201, is a firm that "concentrates in all aspects of collections and creditors' rights law, including commercial collections, consumer collections, and insurance subrogation."[1] Michael D. Johnson is an attorney with Seledee Law Group.

6. Defendants are debt collectors within the meaning of FDCPA.

7. Defendants communicated with Plaintiff within a year before the date of this action in connection with collection efforts with regard to a debt allegedly owed to GEICO Insurance.

---

[1] www.seledeelaw.com

## Factual Allegations

1. On December 28, 2018, attorney Michael D. Johnson, through Seledee Law Group, LLC, sent Plaintiff a dunning letter stating that he owed $6918.02 to GEICO for an accident he allegedly caused on the I81 and I70 exchange April 27, 2017. See Exhibit A.

2. Plaintiff was alarmed and confused because he was not involved in any accident on April 27, 2017.

3. Plaintiff contacted local law enforcement for any information they might have about his vehicle being in an accident and he was given two reports. One report involved an accident Plaintiff had been in on September 25, 2016 and the other report he received was concerning the accident that occurred on April 27, 2017.

4. Plaintiff noted that the State of Maryland Motor Vehicle Crash Report from April 27, 2017 was very vague. It listed "Vehicle 1" (allegedly Plaintiff's vehicle) as "UNK" "2017" "Van". See Exhibit B.

5. Plaintiff does not own a 2017 van.

6. On January 22, 2019, Plaintiff sent Mr. Johnson a request for debt validation. See Exhibit C.

7. On January 25, 2019 Plaintiff received a letter from Mr. Johnson with enclosures of GEICO's estimate of damages to the insured's vehicle. That information was not responsive to his request for validation of the alleged debt. See Exhibit D.

8. Plaintiff was very distressed because it seemed that Mr. Johnson's letters indicated that he was proceeding with a legal action against him if he did not pay $6918.02. See Exhibit E.

9. Plaintiff knew that he could not afford an attorney so he asked Mr. Johnson in another letter dated February 6, 2019 if he was getting ready to take Plaintiff to court. Plaintiff also requested proof that his vehicle was in an accident on April 27, 2018 and if proof could not be provided within 7 days that he cease and desist collection efforts. See Exhibit F.

10. On February 8, 2019, Plaintiff received another letter from Mr. Johnson. That letter stated that the vehicle "identified as being involved in the accident was a 1995 Ford Van with Maryland Tag 5 bv

5001. You were listed as the registered owner of that vehicle on the date of the accident." See Exhibit G.

11. On February 19, 2019, Plaintiff wrote back asking who had provided that information and again stated that he was the wrong party. Plaintiff ended his letter by saying, "Please provide PROOF." See Exhibit H.

12. Plaintiff has not received any more letters from Mr. Johnson or his law firm.

13. Plaintiff is still unclear how Defendants obtained his vehicle information or who provided it to them.

14. Plaintiff believes he was targeted because he is a senior, black, and deaf. He believes he may have been seen as easy prey.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION

## PRACTICES ACT (FDCPA) 15 U.S.C. § 1692

15. Plaintiff alleges and incorporates the information in paragraphs 1 through 14.

16. Defendants, Seledee Law Group and Michael D. Johnson, have demonstrated willful or knowing non-compliance with 15 U.S.C. § 1692.

17. Defendants have committed several violations of 15 U.S.C. § 1692 and Plaintiff is entitled to damages pursuant to 15 U.S.C. § 1692k.

18. Defendants violated 15 U.S.C. § 1692c(c) by continuing to communicate with the Plaintiff when he asked them to cease and desist if they could not validate the debt. See Exhibit E.

19. Defendants continued efforts to collect the alleged debt made Plaintiff feel like he was in serious trouble. It was very upsetting. He had to spend much time and effort trying to figure out what was going on.

20. Defendants violated 15 U.S.C. § 1692e and 1692f by the use of false representation, deceptive or misleading representation or means to collect or attempt to collect a debt.

21. Defendants second letter dated January 25, 2019 was styled in a manner that led Plaintiff to believe he was being sued by the Government.

22. Defendants violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with written notices required in 1692g(a)(3), (4), or (5).

   **WHEREFORE,** Plaintiff demands judgment for damages against Seledee Law Group and Michael D. Johnson for actual, statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE MARYLAND

## CONSUMER DEBT COLLECTION ACT (MCDCA)

## §14-204, §13-301

23. Plaintiff alleges and incorporates the information in paragraphs 1 through 22.
24. Defendants, Seledee Law Group and Michael D. Johnson, have demonstrated willful or knowing non-compliance with Maryland Code § 14-204 by their claim, attempt, or threat to enforce a right with knowledge that the right does not exist.
25. Defendants have violated Maryland Code § 13-301(8) by using false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers. Defendants letters mislead and deceive.
26. Defendants have violated Maryland Code § 13-301(11) by engaging in conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act.

   **WHEREFORE,** Plaintiff demands judgment for damages against Seledee Law Group and Michael D. Johnson for actual, statutory, punitive damages, and attorney's fees and costs, pursuant to Maryland Code § 14-203.

Respectfully submitted this 21st of November, 2019

_Charles Britt_
Charles M. Britt, *Pro Se*

Charles Britt

103 B East Washington Street

Hagerstown, MD 21740

240-291-0617

marvinbritt2@gmail.com