IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES MARVIN BRITT | * | |
| | * | CASE NO: 1:19-CV-03446-RBD |
| Plaintiff, | * | |
| v. | * | |
| SELEDEE LAW GROUP, LLC, et al | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Defendants, Seledee Law Group, LLC and Michael D. Johnson, by and through their attorneys, Seledee Law Group, LLC and Michael D. Johnson, Esquire, and pursuant to FRCP 12(b)(6) hereby file their Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon which relief can be granted, and for reasons therefor state as follows:

### I. Background/Statement of Facts

1. The Defendants in this matter regularly represent Government Employees Insurance Company (GEICO) as Plaintiff's counsel in motor-vehicle insurance subrogation claims.

2. That on or about December 28, 2018, the Defendants received placement of a subrogation claim from GEICO regarding an April 27, 2017 motor-vehicle accident that occurred on the ramp from northbound I-81 to westbound I-70 near Hagerstown, Maryland. Based upon the related police report, as well as upon conversations with its insured, GEICO

determined that Plaintiff Charles Marvin Britt was responsible for the subject motor-vehicle accident, as well as the resulting damages to the insured vehicle.

3. Despite multiple attempts to resolve the claim amicably with Plaintiff Britt, it became clear that there would be no amicable resolution of the claim. Accordingly, on July 31, 2019, GEICO, through the Defendants, filed suit against Plaintiff Britt in the District Court of Maryland for Washington County. To date, the Summons and Complaint in that matter have not been personally served upon Mr. Britt.

4. Based upon his dealings with the Defendants in this matter, Plaintiff Britt has filed the instant Complaint alleging that the Defendants violated provisions of both the Fair Debt Collection Practices Act (FDCPA) and the Maryland Consumer Debt Collection Act (MCDCA).

## II. Improper Service of Process

5. In his Complaint, Plaintiff Britt has named a Limited Liability Corporation (Seledee Law Group, LLC) and an individual (Michael D. Johnson) as Defendants. Both Complaints arrived to the offices of the Defendants' via United States Mail and were received by the office's receptionist.

6. That FRCP 4(h) requires that Seledee Law Group, LLC be served through its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process. The sole officer/agent of Seledee Law Group, LLC is Joel D. Seledee, Esquire. As Mr. Seledee was not properly served with the Summons and Complaint, Plaintiff Britt's attempted service on Seledee Law Group, LLC is insufficient.

7. That FRCP 4(e) requires that Michael D. Johnson be served personally, or by leaving a copy of the Summons and Complaint with either a competent individual at Mr. Johnson's dwelling or usual place of abode, or with an agent authorized by Mr. Johnson to accept service on his behalf. The receptionist at Seledee Law Group, LLC satisfies none of these requirements. As a result, Plaintiff Britt's attempted service on Michael D. Johnson is insufficient.

### III. Standard of Review

8. "To survive a Motion to Dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1949 (2019). When evaluating a motion to dismiss, the court should separate the factual and legal elements of a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-211. Furthermore, a complaint that contains only factual allegations "that are merely consistent with a defendant's liability" or that only allow the court to infer a "mere possibility of misconduct" are insufficient. *Iqbal* 129 S.Ct at 1949-50. Rather, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Id.* at 1949. Therefore, on a motion to dismiss, the court utilizes a three step test: the court (1) accepts factual allegations as true, (2) rejects legal conclusions, and then (3) determines whether the allegations, taken as true, plausibly suggest that the Defendant took place in the illegal actions. *See Id.* at 1949-50.

### IV. Maryland Consumer Debt Collection Act

9. Throughout its various provisions, the MCDCA clearly outlines the scope and limitations of its coverage. MD Code – Commercial Law – Section 13-101(c) defines a covered consumer as an "actual or prospective purchaser, lessee, or recipient of consumer goods, consumer services, consumer realty, or consumer credit." The section goes on to define consumer credit, debts, goods, realty and services as "credit, debts, or obligations, goods, real property and services which are primarily for personal, household, family or agricultural purposes." Id. at (d). MD Code – Commercial Law – Section 14-201(c) defines a covered consumer transaction as "any transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family or household purposes".

10. The matter giving rise to Plaintiff's claim under the MCDCA is a claim and subsequent lawsuit by GEICO alleging the Plaintiff's negligence for a motor-vehicle accident. Nowhere in the MCDCA's provisions are claims for negligence contemplated as being within the scope and/or coverage of the Act.

11. Neither the subject matter of the claim (negligence) nor the claimant himself (Plaintiff Britt) are afforded coverage under the MCDCA, so the Plaintiff's claim for damages under the MCDCA fails as a matter of law.

### V. Fair Debt Collection Practices Act

12. While neither the 4th Circuit, nor the Supreme Court has taken up the issue of the FDCPA's application to subrogation claims as to third parties such as Plaintiff Britt, the persuasive

precedents established by other Circuits/Districts unanimously agree that such claims are not covered by the FDCPA.

13. The seminal case on the issue is *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Circuit 1998). In that matter the Court held that an obligation to pay "thrust upon one as a result of no more than [his] own negligence" is neither a transaction nor a debt as contemplated by the FDCPA.

14. The ruling in *Hawthorne* was recently applied in *Foster v. Amarnek*, 2014 WL 1961245 (M.D. Tenn. May 14, 2014) and in *Bartlett v. Vlaser, Sorensen & Oleson, Chartered*, 2014 WL 2780462 (D. Idaho June 19, 2014). The Defendants are unaware of any Federal District or Circuit that has issued a ruling contrary to the holding in *Hawthorne*.

15. Neither the plain language of the FDCPA, nor the persuasive precedent on the issue of the FDCPA's application to subrogation claims suggest that the claim raised by Plaintiff Britt falls within the scope or coverage of the FDCPA. Accordingly, his claim for damages under that Act must fail as a matter of law.

## VI. Conclusion

16. Accepting all of the Plaintiff's well-plead facts as true, the Complaint does not state a claim for relief that is plausible on its face and therefore fails to state a claim upon which relief can be granted. As such, Defendants Seledee Law Group, LLC and Michael D. Johnson request that the Court dismiss the Plaintiff's claims, with prejudice, pursuant to FRCP 12(b)(6).

Respectfully submitted,

_____
Michael D. Johnson, Esq. #27577
Seledee Law Group, LLC
1 N. Charles Street, Suite 2300
Baltimore, MD 21201
(410) 783-2700
Attorneys for Defendants

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 17th day of Jan_____, 2020, a copy of Defendants' Motion for Judgment and Order was mailed postage prepaid to: Charles Marvin Britt, 128 E. Franklin Street, Apt 2, Hagerstown, MD 21740.

_____
Michael D. Johnson, Esq #27577
Seledee Law Group, LLC
1 N. Charles Street, Suite 2300
Baltimore, MD 21201
(410) 783-2700
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES MARVIN BRITT | * | |
| | * | CASE NO: 1:19-CV-03446-RBD |
| Plaintiff, | * | |
| v. | * | |
| MICHAEL D. JOHNSON, et al | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, and any response by the Plaintiff, it is this ____ day of _____, 2020, by the United States District Court for the District of Maryland; hereby,

**ORDERED,** that the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted is hereby **GRANTED**; and it is further;

**ORDERED,** that the Complaint(s) filed by the Plaintiff against Defendants Seledee Law Group, LLC and Michael D. Johnson are hereby **DISMISSED WITH PREJUDICE.**

_____
Judge

Copies to:

Michael D. Johnson, Esquire
Seledee Law Group, LLC
1 N. Charles Street, Suite 2300
Baltimore, MD 21201

Charles Marvin Britt
128 E. Franklin Street
Hagerstown, MD 21740