`Case 1:19-cv-03446-RDB   Document 13   Filed 04/27/20   Page 1 of 9`

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES MARVIN BRITT,** | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-19-3446 |
| v. | * | |
| **SELEDEE LAW GROUP, LLC,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

*Pro se* Plaintiff Charles Marvin Britt ("Plaintiff" or "Britt") brings this action against Defendants Seledee Law Group, LLC and Michael D. Johnson (collectively, "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Count I) and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-202 (Count II). Presently pending is Defendants' Motion to Dismiss, seeking dismissal with prejudice of Plaintiff's Complaint. (ECF No. 9.) In response to this motion, Plaintiff sought leave to amend his Complaint. (ECF No. 11.) Although leave to amend has not yet been granted, Plaintiff's Amended Complaint was docketed in this case. (ECF No. 11-1.) In response, Defendants reasserted the bases for dismissal in their Motion to Dismiss, arguing that the Amended Complaint does not cure any of the flaws contained in the original Complaint. (ECF No. 12.)

The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 11) is DENIED, as such amendment would be futile. Therefore,

Defendants' Motion to Dismiss (ECF No. 9) shall be GRANTED, and Plaintiff's claims under the Fair Debt Collection Practices Act and the Maryland Consumer Debt Collection Act will be DISMISSED WITH PREJUDICE.

## BACKGROUND

This Court recognizes that Plaintiff is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Britt alleges that, on or about December 28, 2018, he received a letter from Defendant Johnson, on behalf of Defendant Seledee Law Group, stating that Britt owed $6,918.02 to GEICO for an accident that Britt allegedly caused on April 27, 2017. (Compl. ¶ 1, ECF No. 1; Dec. 28, 2018 Letter from Johnson to Britt, ECF No. 1-2.) Britt allegedly requested accident reports from local law enforcement about his vehicle and received a report about an accident occurring on April 27, 2017, listing his vehicle as a 2017 "Van." (Compl. ¶ 3.) Britt alleges that he does not own a 2017 van and that he was not involved in the accident in question. (*Id.* ¶¶ 2, 5.)

On January 22, 2019, Britt sent a letter to Defendant Johnson requesting validation of the "debt." (*Id.* ¶ 6; Jan. 22, 2019 Letter from Britt to Johnson, ECF No. 1-4.) On January 25, 2019, Britt received a letter from Johnson enclosing GEICO's estimate of damages to the insured's vehicle. (Compl. ¶ 7; GEICO estimates, ECF No. 1-5.) Britt alleges that this information was not responsive to his debt validation request and became concerned about possible legal action Johnson may take against him. (Compl. ¶¶ 7-8.) On February 6, 2019, Britt sent another letter to Johnson requesting proof that Britt's vehicle was in the accident. (*Id.* ¶ 9.) Johnson sent Britt a letter on February 8, 2019, stating that the vehicle "identified as being involved in the accident was a 1995 Ford Van…[y]ou were listed as the registered owner of the vehicle on the date of the accident." (*Id.* ¶ 10; Feb. 8, 2019 Letter from Johnson to Britt, ECF No. 1-8.) On February 19, 2019, Britt responded to Johnson, denying his involvement in the accident and asking Johnson to "provide proof." (Compl. ¶ 11; Feb. 19, 2019 Letter from Britt to Johnson, ECF No. 1-9.) Britt did not receive any further correspondence from Defendants. (*Id.* ¶ 12.)

On July 31, 2019, GEICO, through the Defendants, filed suit against Britt in the District Court of Maryland for Washington County. *See Government Employees Insurance Company t/u/o Christopher Reynolds v. Charles Britt*, Case No. D-112-CV-19-009669.[1] That case remains pending and Britt may assert his defenses in that lawsuit. On December 2, 2019, Britt filed the instant action against Defendants, alleging violations of the Fair Debt Collection Practices Act (Count I) and the Maryland Consumer Debt Collection Act (Count II). (ECF No. 1.)

---

[1] A court may take judicial notice of public records without converting a motion to dismiss into one for summary judgment. *See, e.g.*, Fed. R. Evid. 201; *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendants filed the presently pending Motion to Dismiss on January 17, 2020. (ECF No. 9.) In response, Plaintiff filed a Motion for Leave to file Amended Complaint on February 4, 2020. (ECF No. 11.)

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the

Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendants assert both improper service and failure to state a claim as bases for dismissal of Plaintiff's Complaint.

### I. Service of Process

Defendants argue that Plaintiff's Complaint should be dismissed for improper service of process because the Complaint arrived at Defendants' offices via United States Mail and was received by the receptionist, rather than through Defendants' registered agent or by Defendant Johnson personally. Federal Rule of Civil Procedure 4(h) requires service on a corporation to be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Rule 4(e) requires service on an individual to be made by delivering a copy of the summons and complaint to the individual

personally, leaving a copy of the same at the individual's dwelling, or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Plaintiff's failure to strictly comply with Rule 4 does not warrant dismissal. Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Karlson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored. *Armco*, 733 F.2d at 1089. In this case, Defendants clearly had actual notice of Plaintiff's Complaint. Accordingly, the Court will not dismiss the Complaint on this basis and will address the sufficiency of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. Fair Debt Collection Practices Act (Count I)

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, "protects consumers from abusive and deceptive practices by debt collectors." *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 758 (D. Md. 2017). To state a claim for relief under the FDCPA, a plaintiff must allege that "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Id.* (quoting *Webber v. Maryland*, No. CV RDB-16-2249, 2017 WL 86015 (D. Md. Jan. 10, 2017)).

Plaintiff's claim under the FDCPA must fail because Plaintiff cannot establish that Defendants' collection activity "aris[es] from consumer debt." Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5). Plaintiff alleges that Defendants seek $6,918.02 for an accident that Britt allegedly caused on April 27, 2017. (Compl. ¶ 1, ECF No. 1; Dec. 28, 2018 Letter from Johnson to Britt, ECF No. 1-2.) Any claim arising from this alleged negligence is not a consumer "debt" as contemplated by the FDCPA. Accordingly, Plaintiff's claim under the FDCPA must be dismissed.

### III. Maryland Consumer Debt Collection Act (Count II)

Similarly, Plaintiff cannot state a claim under the Maryland Consumer Debt Collection Act ("MCDCA"). The MCDCA prohibits a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right" against a consumer "with knowledge that the right does not exist." Md. Code Ann., Com. Law §§ 14-202(8). "To succeed on an MCDCA claim, a plaintiff 'must set forth factual allegations tending to establish two elements: (1) that Defendants did not possess the right to collect the amount of debt sought; and (2) that Defendants attempted to collect the debt knowing that they lacked the right to do so.'" *Amenu-El v. Select Portfolio Services*, No. RDB-17-2008, 2017 WL 4404428, at *4 (D. Md. Oct. 4, 2017). The MCDCA defines "consumer" as "an actual or prospective purchaser, lessee, or recipient of consumer goods, consumer services, consumer realty, or consumer credit." Md. Code

7

Ann., Com. Law § 13-101(c)(1) (West 2020).  Plaintiff qualifies as none of these.  Accordingly, Plaintiff's claim under the MCDCA must also be dismissed.

**IV.    Amendment is futile**

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires."  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).  Leave to amend should only be denied when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility.  *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).  In this case, Plaintiff's Amended Complaint (ECF No. 11-1) does not cure the fact that his claims fail as a matter of law.  Plaintiff cannot plead a cause of action under either the FDCPA or the MCDCA for Defendants' conduct, as the alleged "debt" is not consumer debt as contemplated by those statutes.  Therefore, any amendment is futile under Rule 15(a) of the Federal Rules of Civil Procedure and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 11) is denied.  Quite simply, a potential or pending lawsuit does not constitute a debt under either the federal or state statutes.  Accordingly, as a result, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  *See Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (dismissal with prejudice is appropriate where an amendment to the complaint would be futile).

## CONCLUSION

For the foregoing reasons, it is this 27th day of April, 2020, HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 11) is DENIED;

2. Defendants' Motion to Dismiss (ECF No. 9) is GRANTED;

3. Plaintiff's Complaint is DISMISSED WITH PREJUDICE;

4. The Clerk of the Court SHALL CLOSE THIS CASE; and

5. The Clerk IS DIRECTED to MAIL a copy of this Memorandum Order to Plaintiff.

_____/s/_____
Richard D. Bennett
United States District Judge